United States District Court

Eastern District of California

Eleazar Villegas,

     Plaintiff,                    No. Civ. S 02-2225 FCD PAN P

  vs.                                Findings and Recommendations

L. Robinson, et al.,

     Defendants.

-oOo-

Plaintiff is a state prisoner without counsel prosecuting a civil rights action against prison officials.

The action proceeds on the May 7, 2003, amended complaint against defendants Robinson, Tice, Varcoe, Wicks, Knowles, Driggers, Brown, Grannis and McDonald.

Presently before the court is defendants' October 19, 2004, motion to dismiss for failure to exhaust administrative remedies.

<u>Summary of Plaintiff's Allegations</u>.

Plaintiff alleges he filed a class action in state court

challenging the constitutional adequacy of law library services at Mule Creek State Prison (MCSP) and claiming officers Tice, Robinson, Varcoe, Wicks and Knowles conspired with inmate law clerks to obstruct inmate litigation against the California Department of Corrections. Plaintiff filed a second class action in state court claiming Knowles, Robinson and Tice discriminated against Spanish-speaking inmates by failing to hire Spanish-speaking inmate law clerks. Defendant Brown considered plaintiff's administrative appeals regarding allegations underlying the state court actions and told plaintiff the institution would not protect him or investigate complaints of reprisal. Amended Complaint (AC) paras. 13-15.

December 27, 2000, Robinson allegedly confiscated documents attached to a pleading plaintiff was preparing to file in one of the state court actions. AC para. 16.

Knowles, Robinson, Varcoe, Wicks and Tice, along with inmate law clerks, launched a campaign of harassment and retaliation for plaintiff's litigation efforts. This included confiscating and refusing to photocopy plaintiff's documents, improperly disseminating documents to inmates and guards, denying access to the law library and legal materials, and threatening to file false rule violation reports and have plaintiff transferred to another institution. AC paras. 17-19.

Robinson, Tice, Varcoe, Wicks and law library clerks threatened that if plaintiff continued his civil rights litigation they would falsify a rules violation report and have

him transferred to another institution.  AC para. 20.

After a confrontation between plaintiff and inmate law clerks, false disciplinary charges were filed against plaintiff. Plaintiff informed Brown that law library staff was retaliating against plaintiff because of his civil rights litigation. Defendants filed numerous false rule violation reports against plaintiff, one of which (regarding an alleged plot to assault Wicks) led to plaintiff's placement in the Administrative Segregation Unit (ASU).  AC paras. 21-25.

Brown refused to investigate or protect plaintiff from retaliation.  Grannis refused to interview plaintiff when processing plaintiff's appeal at the third level.  Driggers and Brown, who considered plaintiff's appeal at lower levels, told plaintiff he would be transferred from the institution before his grievance was fully exhausted.  AC paras. 26-28.

While plaintiff was in segregation, defendant McDonald told plaintiff he was on McDonald's "shit list" based on plaintiff's conflict with Robinson, Varcoe, Tice and Wicks.  McDonald harassed plaintiff by filing false rule violation reports and obstructing plaintiff's law library access while plaintiff was in ASU.  As plaintiff's grievance and litigation efforts continued, McDonald became increasingly agitated and struck plaintiff with a broom handle.  McDonald refused to make copies of documents for filing in this action and fabricated a rule violation report tht plaintiff threatened McDonald.  Documents plaintiff gave McDonald for copying disappeared.  AC paras. 30-36.

1  February 4, 2003, plaintiff was transferred to another
2 prison affording fewer privileges and entailing loss of his
3 typewriter in retaliation for his grievance and litigation
4 efforts against defendants.  AC para. 37.
5 <u>Discussion</u>.

6  Section 1997a(e) of Title 42 of the United States Code
7 provides that a prisoner may bring no section 1983 action until
8 he has exhausted such administrative remedies as are available.
9 The requirement is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731,
10 741 (2001).  The administrative remedy must be exhausted before
11 suit is brought and a prisoner is not entitled to a stay of
12 judicial proceedings in order to exhaust.  <u>McKinney v. Carey</u>, 311
13 F.3d 1198 (9th Cir. 2002).  A prisoner need not plead exhaustion.
14 <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003).  Ordinarily,
15 defendants must raise and prove absence of exhaustion as a
16 defense raised by a motion to dismiss.  <u>Id</u>.  "Courts considering
17 'nonenumerated' Rule 12(b) motions on the issue of administrative
18 exhaustion may not only rely on matters outside the pleadings but
19 also have broad discretion to resolve any factual disputes."
20 <u>Irvin v. Zamora</u>, 161 F. Supp. 2d 1125, 1128 (S.D. Cal. 2001),
21 <u>citing</u> <u>Ritza v. Internat'l Longshoremen's & Warehousemen's Union</u>,
22 837 F.2d 365, 368 (9th Cir. 1988).

23  The California Department of Corrections' administrative
24 grievance procedure is set forth in Title 15 of the California
25 Administrative Code at sections 3084.1, et seq.  California
26 prisoners or parolees may appeal "any departmental decision,

4

1 action, condition, or policy which they can demonstrate as having
2 an adverse effect upon their welfare." 15 CAC § 3084.1(a). The
3 regulatory system does not dictate the content of the grievance
4 but it requires the use of specified forms. 15 CAC §§ 3084.2 and
5 3085 (designating use of CDC Form 602 Inmate/Parolee Appeal Form
6 for all grievances except those related to disabilities under the
7 Americans with Disabilities Act, which are filed on CDC Form
8 1824, Reasonable Modification or Accommodation Request). The
9 first level of formal appeal must be decided within 30 working
10 days by someone not involved in the dispute or grievance, who is
11 at least equal in rank to the highest ranking person that was
12 involved. 15 CAC § 3084.5(e). Ordinarily, a grievance must be
13 taken to a second- and third-level appeal before exhaustion is
14 complete. Id.

15 Few courts have addressed the specificity required for
16 claims raised in the prison administrative grievance process to
17 satisfy section 1997e(a) exhaustion requirements. Irvin v.
18 Zamora, 161 F. Supp. 2d at 1129.

> When the administrative rulebook is silent, a grievance
> suffices if it alerts the prison to the nature of the
> wrong for which redress is sought. As in a notice-
> pleading system, the grievant need not lay out the
> facts, articulate legal theories, or demand particular
> relief. All the grievance need do is object
> intelligibly to some asserted shortcoming.

23 Strong v. Davis, 297 F.3d 646, 650 (7th Cir. 2002); see also
24 Gomez v. Winslow, 177 S. Supp. 2d 977, 982 (N.D. Cal. 2001)
25 (purpose of exhaustion is to provide prison officials notice of
26 complaints so they can take proper action). In assessing

exhaustion, a court should consider whether a reasonable investigation of the administrative claim would have uncovered the allegations of the civil rights complaint. <u>Gomez v. Winslow</u>, 177 F. Supp. 2d at 983; <u>Irvin</u>, 161 F. Supp. 2d at 1134-35; <u>Sulton v. Wright</u>, 265 F. Supp. 2d 292, 298 (S.D. N.Y. 2003), <u>abrogated on other grounds</u> as noted in <u>Scott v. Gardner</u>, 287 F. Supp. 2d 477 (S.D. N.Y. 2003); <u>Torrence v. Pelkey</u>, 164 F. Supp. 2d 264, 278-79 (D. Conn. 2001); <u>see also</u> <u>Ngo v. Woodford</u>, 403 F.3d 620, 630 (9th Cir. 2005) (PLRA exhaustion requirement resembles administrative exhaustion).

The court granted plaintiff's application to proceed in forma pauperis March 19, 2003, and deems the action to have commenced that date.[1] The court file indicates plaintiff filed six grievances that were by then exhausted to the third level: 02-620, 02-00012, 02-02422, 02-1827, 00-2531 and 02-2422. Of these, 02-00012 (re futility of the appeals process at Mule Creek), 01-02422 (re race discrimination in hiring in the library), 00-2531 (group appeal re fundamental inadequacy of law library materials and procedures) and 02-2422 (claiming inadequate procedures and facilities were impacting plaintiff's

---

[1] Section 1915(a)(1) requires plaintiff seek an order authorizing "commencement" of a suit in forma pauperis. This action did not "commence" until the court granted plaintiff authority to proceed in forma pauperis; the complaint is deemed to have been filed with the court on that date. <u>See</u> Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint.") Section 1997a(e) prohibits "bringing" an action before administrative remedies are exhausted. "Bringing" and "commencing" suit are the same thing. Black's Law Dictionary, Rev'd. 4th ed. (1968) p. 335 ("To 'bring' a suit is an equivalent term; an action is 'commenced' when it is 'brought' and vice versa.")

6

seven legal actions and compromising his right of access to the courts) are immaterial to this action and did not place prison officials on notice of plaintiff's claims herein.

Grievance 02-620 claimed Robinson and Tice were retaliating against plaintiff because of, and obstructing plaintiff's litigation of, his state court actions.  The grievance did not, however, claim these officers were engaged in a conspiracy including others.  Plaintiff claimed Robinson was intentionally misconstruing library regulations to confiscate plaintiff's documents and copies, had written two false rules violation reports based on the regulations, and was opposed to hiring Spanish-speaking law clerks (which plaintiff was suing to force him to do).  Considering all documents plaintiff presented at any level in pursuing these grievances, the court finds they were adequate to exhaust claims against defendants Robinson and Tice as alleged in paragraphs 16-20 of the complaint.  There is nothing to support a conclusion that a reasonable investigation of these grievances would have revealed plaintiff's claims against anyone but Robinson and Tice.

Plaintiff's allegations against defendant McDonald at paragraphs 30-36 were fairly presented in grievance 03-00029, but this grievance was not fully exhausted until July 22, 2003. Plaintiff's claims set forth in paragraphs 30-36 are unexhausted.

Plaintiff's allegations in paragraphs 21-25 against defendants Knowles, Robinson, Wicks and Varcoe were fairly presented in grievance 02-02504, but that grievance was never

7

taken to the third level. It was "partially granted" at the first and second levels, in that plaintiff's allegations of a retaliatory scheme to transfer him were investigated and no staff misconduct was found. In some instances, an inmate who prevails on a grievance is not required to pursue it further to satisfy exhaustion where he already has received all relief available. See Gomez, 177 F. Supp. 2d at 985; Clement v. California Department of Corrections, 220 F. Supp. 2d 1098, 1106 (N.D. Cal. 2002); Brady v. Attygala, 196 F. Supp. 2d 1016-23 (C.D. Cal. 2002). Here, however, the "partial grant" did not afford plaintiff the relief he requested, viz., release from segregation, return to the A yard, and a reversal of a decision to transfer him to another institution. Even though further relief was available to plaintiff, he abandoned the grievance rather than taking it to the next level. Plaintiff's claims set forth in paragraphs 21-28 and 37 are not exhausted. The claims set forth in paragraphs 26-28 against Driggers, Brown and Grannis were not fairly presented in any grievance.

Accordingly, the court hereby recommends that:

1. The October 19, 2004, motion to dismiss be granted in part.

2. All claims against defendants Wicks, Varcoe, Knowles, Grannis, Driggers, Brown and McDonald be dismissed without prejudice as unexhausted.

3. All claims against Robinson and Tice, except those alleged in alleged in paragraphs 16-20 of the amended complaint,

8

be dismissed without prejudice as unexhausted.

4. Defendants Robinson and Tice be required to respond to the amended complaint, which the court construes as alleging claims defendants violated plaintiff's right of access to the courts and retaliated against him for the exercise of First Amendment rights, within 30 days.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 20 days after being served with these findings and recommendations, either party may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: July 12, 2005.

                            /s/ Peter A. Nowinski
                            PETER A. NOWINSKI
                            Magistrate Judge